Overton, j.
 

 The questions for the consideration of the jury were first, whether there was a defect in the property sold. Secondly, if a defect existed was it a material one. Thirdly, did the defendant know of the defect before the sale. They found all these facts in favour of the plaintiff, and have assessed his damages, to the value of the negro. It has been objected that parol proof has been improperly received; that the whole extent of the contract is embraced by the bill of sale: and nothing can be implied or presumed. The proposition in the manner in which it is laid down, cannot be maintained. In no instance can evidence be received to contra
 
 *176
 
 dict a written agreement, nor can such evidence be received to detract from, or add to, any part of
 
 a
 
 contract,which was within the view of the parties when contracting—These principles however do not touch cases where fraud has been practised. As where an illiterate person, executes an instrument of writing which he was incapable of reading, and which was read to him otherwise than it really was written.
 
 Suggestio falsi
 
 and
 
 suppressio veri
 
 are sufficient to invalidate a contract on the ground of fraud. In these cases too, parol proof is receivable. The meaning of the contract evidenced by the bill of sale was, first to convey the property in the negro, and secondly to warrant that property. No other ideas can possibly be collected from the writing. Nothing can be found in it respecting the health or soundness of the negro. The reception of parol proof to shew the soundness or unsoundness of the woman at the time of sale does not contradict or vary the bill of sale: It is a fact collateral to its import, and agreeably to the case in 8. T. R. 379. the evidence ought to be received.
 

 The old books on the sale of property state that where a defect in the property sold was visible, the buyer must notice it, nor will he be permitted to have any redress, on that account; otherwise, where the defect is invisible, and the seller knew of such defect. The civil law was different in this respect: it made the seller responsible for any invisible defect, whether known to him or not, provided a full price given. Conformably to the principles of the civil law, we find cases of considerable authority particularly the one cited in Taylor’s Reports 1. Call. Rep: 316. per Lyons j. and 2 Swift’s system 120. The general law of contracts is, that where a consideration happens to fail, the party aganist whom it operates, shall have redress.
 

 Where a person purchases property which to all appearance is sound and free from defects, and gives a full price, it is obvious that he bottoms his contract upon the consideration of sound property; and reason seems strongly in favour of his getting sound
 
 *177
 
 property, or such a compensation as will make up the difference.
 
 *
 

 The decisions in the old books must have proceeded upon an idea, that defects usually arose from causes beyond the controul of the owner; that property some what defective, might be transferred from hand to hand, without the knowledge of the persons selling; that a loss must fall some where, if a recovery is made; and where no fraud appeared by suppressing a knowledge of invisible defects,it was as reasonable, that the loss should fall on the last purchaser, as on any other person through whose hands it might have passed. Which is the better opinion, it is not now necessary to determine. There was evidence that the defendant knew of the defect in the woman, previous to the sale. If he did, and did not disclose it to the buyer, he ought to be responsible. The buyer was bound to use ordinary care only, and if by that the defect in the property was not visible, he surely ought not to bear the loss. But the principles of justice and morality, were imperative on the seller to make known the real state of the property. An objection has been made to the form of action. If an action could be maintained, it is urged that it ought to have been covenant, upon the bill of sale, and not case. Covenant could not be supported because there
 
 was
 
 nothing agreed, respecting the soundnesss of the negro, in the bill of sale. No instance of implied covenants is recollected in all the books, except in the sale of real property where the words
 
 dedi et concessi
 
 are used.
 
 *
 
 Perhaps there may be a few other instances of this kind
 
 but
 
 they are rare.—Though the bill of sale does not cover the case
 
 ;
 
 the principles of justice, of reason, and the common law will.
 
 *
 
 By the principles of the common law there can be no injury without a correspondent remedy. To support an action on the case it is not necessary, that it should be supported by instances, or precedent;
 
 b
 
 ut sufficient if covered by principle. See.
 
 3.
 
 T. R. 63. Cowp. 37.
 
 2
 
 John. Rep. 414. 503.
 

 White, j. absent—Rule discharged.
 

 *
 

 Vide 2 Bay 17 19, 380, This is not the law as appears from the cases referred to
 

 *
 

 2. Wil ed. Bac. Ab 65. n.
 
 77.
 
 & 79, n. 2, Hay. 127.
 

 *
 

 Sec.B.E.E. 499.
 
 1.
 
 N.Y
 
 T. Rep. 17.
 
 1 John. 274 2.
 
 N.
 
 Y. T. R. 48. ib. 202. Addis, 92. 2 Day, 176. 4 John 421. 4 Mass. Rep 562.