# APRIL TERM, 1867, AT DETROIT.

15 265
83 526

15 265
118 629
15 265
122 480

15 265
123 73

## Henry Warren v. Hiram F. Cole and another.

*Repudiation of contract, for fraud: Action for damages.* Where a contract has been repudiated on the ground of fraud, the party defrauded may bring an action for the damages sustained.

*Actions of tort: Rule of damages.* In an action of tort, where, from the circumstances, no certain pecuniary standard can be obtained by which to ascertain the amount of damages, the jury have a wide range of discretion, and no absolute rule can be laid down; but where, from the nature of the case, a rule can be discovered by which adequate compensation can be given, the rule should be applied to actions of tort, as well as upon contract. *Held, further,* that the expenses of litigation can not be considered in estimating the damages.

*Patent right: Construction of deed.* A agreed to sell to B an interest in two inventions, for the former of which only a patent had been issued. A deed was duly executed by A, conveying his interest in said patent to B. Subsequently, A received a patent for the second invention. *Held,* that inasmuch as the conveyance from A referred only to the description in the first patent, it could not be construed so as to include the invention in the second.

*Heard January 12th. Decided April 3d.*

Error to Lenawee Circuit.

This was an action to recover damages for an alleged deceit practiced by plaintiff in error upon defendant in error, in the sale of two patent rights for the making of soap. Judgment was rendered for the plaintiff below. The facts are sufficiently stated in the opinion.

The following are the assignments of error, covered by the opinion:

1. That the court erred in charging and instructing the jury that if the fraud was proved on the part of the

15 Mich. — s.                                                      265

defendant to be a gross one or aggravated, they will be justified in imposing exemplary or punitive damages.

2. That the court erred in charging and instructing the jury that they might also, in estimating the plaintiff's damages, take into consideration his expenses of carrying on and prosecuting his suit, including counsel fees.

3. That the court erred in refusing to instruct and charge the jury, as requested by the defendant's counsel, that if the jury believed from the evidence that the plaintiffs had disaffirmed the contract, that then the plaintiffs could not recover in this form of action; and also erred in charging and instructing the jury that unless such disaffirmance was acceded to or acted upon by the defendant, or the consideration money restored on request, any act of disaffirmance in evidence in this case, on the part of the plaintiffs, would not preclude the plaintiffs from maintaining this action.

4. That the court erred in refusing to charge and instruct the jury, as requested by the counsel for the defendant, that the conveyance of the 17th October, 1863, conveyed to the plaintiffs all the rights of the defendant to his patent of February 9th, 1864, to the washing and jelly soap for the county of Cuyahoga, and invested the plaintiffs with all the rights they would have had if the patent had been granted before the sale to the plaintiffs.

*C. A. Stacy*, for plaintiff in error.

1. In all cases of contract where fraud is charged or has been committed, the contract is voidable, at the election of the injured party. — 1 *Doug.* 330.

*a.* If the defrauded party elects to affirm the contract, he is bound by it in all respects. If he elects to rescind it, from that moment it becomes void, and neither party can maintain any rights under it. — 4 *Mich.* 508; 2 *Parsons on Con.* 780.

*b.* The party defrauded must rescind as soon as circumstances permit after the discovery of the fraud. — 1 *Denio*, 69; 24 *Wend.* 74.

*c.* Generally an offer to return the property received is as effectual as actually returning it. — 5 *Black.* 225; 9 *Porter*, 420.

*d.* When instead of paying money for an article, one delivers some other article in exchange, if the one of whom he purchases be guilty of fraud, he may return, or offer to return, the whole consideration which he received, and maintain trover for the chattels he gave; otherwise, his remedy is by action on the case for the deceit, and not trover for the consideration. — 4 *Mass.* 502; 3 *Esp.* 83; *Sedg. on Dam.* 562; 3 *Hill*, 333; 8 *Barb.* 9, 18; 1 Hill, 484; 4 *Denio*, 584.

2. The court erred in charging the jury that they might, in addition to punitive or exemplary damages, also, in estimating the plaintiff's damages, take into consideration his expenses of carrying on and prosecuting his suit, including counsel fees.

In the theory of the law, the taxed costs are full indemnity for the expenses of a suit. — 13 *M. & W.* 47; 5 *Wend.* 535; 23 *Id.* 425; 11 *Pick.* 378; 4 *Black.* 277; 13 How. 363.

This erroneous direction in cases where, like this, the jury had the right to give compensatory damages, will require the court to reverse the judgment, as they can not assume that the intention of the jury was to give vindictive damages rather than compensatory.—*Sedg. on Dam.* 529, 563; 3 *Sandf.* 628; 8 *Wend.* 505.

3. The court erred in charging the jury that in this case the plaintiff could recover punitory or vindictive damages.

If the defendant was guilty, he was also liable to a criminal prosecution and punishment, and if damages as a punishment, over and above the actual damages sustained

could be given by the jury in the civil action, then the defendant might be twice punished for the same offense.— 4 *Cush.* 273; 4 *Denio,* 461; 4 *Taunt.* 355; 21 *Pick.* 378; 2 *Green. Ev. Title, Damages.*

4. The sale of the patent right and the conveyance of 17th October, 1863, we claim conveyed not only all the right to the patent then issued, but to the patent for washing soap issued February 9, 1864; it contains a warranty, and, by force of the warranty, conveys not only the right he had obtained under the patent of 1861, but also all he acquired under the patent of 1864.

5. The charge of the court upon the rights acquired by the plaintiffs by the sale, not only misled the jury upon that point, but also ignored the testimony tending to show an offer in the spring of 1864, by Warren, to convey to plaintiffs the right for Cuyahoga county, to the patent of July 9, 1864.

*A. L. Millerd,* for defendant in error.

It is settled by the verdict of the jury, that the defendant (below) by means of a false and fraudulent representation to the plaintiffs, that he had a patent for two kinds of soap, when he had a patent for but one, induced them to purchase the right for the county of Cuyahoga, and to pay him therefor the sum of fifteen hundred dollars.

Upon the discovery of the fraud, the plaintiffs (below) offered to re-convey to him, and demanded of him to restore the purchase price which he had obtained from them. This he refused, and this action was brought in the court below to recover damages for the deceit.

1. Fraud or deceit, accompanied with damages, is a good ground of action.— 2 *Hill. on Torts,* 146.

It is no objection to the plaintiffs' right of recovery that they repudiated the contract, on the discovery of the fraud.

If they had failed to do this, it might have been construed to be a waiver of the fraud, and an acquiescence in the performance of the contract by the defendant.— 2 *Kent's Com.* (3d *Ed.*) 480.

It has been made a question whether a purchaser did not waive his right to damages by acting in affirmance of the contract after discovering the fraud, though the courts have decided that he did not.— 1 *Hill*, 484; 2 *Hill. on Torts*, 150.

But when was it ever decided, or even suggested, before, that he waived it by disaffirming the contract?

It may be true that we could not sue upon the contract, after repudiating it. A party can not both affirm and disaffirm a contract. But this action is not upon the contract, but for the fraud.

It is settled, too, that a vendor may on discovering the fraud and returning or offering to return what he has received, recover back what he has paid. But it does not follow that this is his only remedy. He has two remedies. He may either recover back the whole consideration that he has paid, in an action for money had and received, or may bring his action for the fraud and recover the damages.— 4 *Wend.* 488; 4 *Mass.* 502; 1 *Doug.* 330, 347.

In the former case he must first return or offer to return what he has received; in the latter it is decided that this is not a necessary pre-requisite. It may or may not be done. In the former case the party, if he recovers anything, recovers specifically the consideration paid — in the latter he recovers his damages, which may or may not be the full amount of the consideration.

2. There was no error in the charge of the court as to the rule of damages.

The court charged that the measure of damages would be the difference in value between the right acquired by the plaintiffs by the purchase, and what would have been

WARREN v. COLE.

the value of the right or rights as they were fraudulently represented to be by the defendant.

This was in accordance with the request of the defendant's counsel, and no exception was taken to it by either party.

He also charged that if the fraud was a gross one, or aggravated, the jury would be justified in imposing exemplary or punitive damages, and might take into consideration the plaintiff's expenses of carrying on the suit, including counsel fees.

Exemplary damages may be given in a case of gross or aggravated fraud.—*Sedg. on Dam.* (*3d Ed.*) 36, 59, 476– 492, 665–672; 4 *Strobh.* 34; 10 *N. H.* 130; 29 *Conn.* 496; 11 *Mich.* 105, 548.

And in such a case the jury may properly take into consideration the probable expense of the litigation, including counsel fees. — *Sedg. on Dam.* 99, 100, 658; 15 *Conn.* 225; 24 *Id.* 392; 1 *Baldwin*, 138; 17 *Ala.* 833.

3.   There was no error in the charge of the court upon the request of the defendant (below) as to the effect of the deed of 17th October, 1863, conveying the right for Cuyahoga county to the plaintiffs: at least none of which the plaintiffs in error can complain.

This deed was made before the patent for the washing soap was issued.    There was not even an application for a patent on that then pending.    The original application for that had been withdrawn, and the subsequent one, on which the patent finally issued, was not filed until after the date of the deed.

The deed by its terms is a conveyance of the right for Cuyahoga county in the patent already granted, which was for the hard soap, and makes no reference to the washing soap.

How it could operate to convey title to another improvement, and to a patent subsequently applied for and

obtained, to which no allusion is made in it, we do not understand.

The fact that the grantor fraudulently misrepresented the extent of the right conveyed, as including the washing soap, for which he then had no title, would not make the deed *ipso facto* operate as a conveyance of the right subsequently acquired, though it might be the ground upon which a court of equity would compel a further conveyance.

CAMPBELL J.

Suit was brought in the court below by the defendants in error, to recover damages for deceit alleged to have been practised upon them in the sale of a local interest under a patent right. They claimed that they were led to purchase by the representation that the patent issued by the United States to Warren covered two different kinds of soap, when in fact it only embraced one. It seems that Warren filed a claim and specifications for the two sorts, but, under the law, only one could be included in a single patent, and therefore one was left out. After the sale to Cole and Arnold of a territorial right under the patent, which they aver was said to be for both inventions, a second patent was issued covering the claim omitted in the former one. There was evidence tending to show a repudiation of the contract by defendants in error on the discovery that the patent did not include all it was supposed to, and there was also contradictory evidence concerning the readiness of Warren to make further assurances to remedy the deficiency in the original transfer; but this last matter does not become important, as no legal question is raised upon it for review. The jury having rendered a verdict for damages against Warren, the case comes before us on objections to the various rulings of the Circuit Judge.

Several exceptions are based upon the refusal of the Circuit Court to charge that if defendants in error had disaffirmed the contract, this action would not lie, and to his charges concerning what would or would not amount to a disaffirmance, if such disaffirmance would bar the suit.

The only intelligible ground for the main objection is the claim that this suit amounts to an affirmance, and that a previous election to disaffirm can not be receded from. We do not so understand the pleadings. This is not, as claimed by Warren, a suit to enforce a contract. On the contrary it is an action of tort, to recover damages for a deceit and imposition claimed to have been practised on Cole and Arnold, whereby they were fraudulently induced to make an agreement they would not have made had they known the truth. This being the character of the suit, it can not be seriously contended that a person repudiating a contract for fraud can not sue for redress, if he has suffered damage from it. We think the plaintiff in error has mistaken the nature of this action, and that the objection was not well founded. The minor rulings connected with this theory become unimportant, and were in fact more favorable to plaintiff in error than to the defendants, upon the proper theory of the prosecution.

The court below also refused to charge that the second patent operated to confirm to defendants in error the title which they originally supposed they were buying. Had the conveyance covered, or purported to cover, the subject of the second patent (as the court below seems to have assumed it did,) this question would have been quite material, inasmuch as Warren unquestionably owned the exclusive right as inventor, and had not abandoned it to the public. But the deed will not bear such a construction. It does not purport to convey an interest in anything but the invention identified as described in the letters patent of September 3d, 1861, and can not, therefore, have any bearing whatever upon the invention not included in that

patent. We are not required, therefore, to decide, and we do not express any opinion upon, the sufficiency of the reasons given for refusing to give retroactive effect to the second patent, so long as the decision itself was right. The deed does not purport to give rights in the second invention, and could work no estoppel concerning it or concerning the subsequent patent.

The remaining exceptions relate to the rule of damages. Objection is made that the court below allowed the jury to give vindictive damages, and to include in the damages the expenses of litigation. We think the instructions were erroneous on both points.

Without considering the disputed question whether damages in a civil action can ever be properly based on the theory of punishment instead of redress, we recognize fully the fact that there are many wrongful acts which are committed under circumstances which preclude the possibility of reducing the grievance to any reasonably certain pecuniary standard. In many cases, it can not be said that there has been any mere pecuniary damage whatever. But, inasmuch as the injured party should have some redress, and the law can only give that redress by pecuniary damages, it has been found necessary to leave the amount, in the absence of any other standard, to the common sense of a jury; and anything which, in their opinion, is not out of proportion to the more or less aggravated character of the grievance, is allowed to stand as the rule of damages; not because it is an accurate measure of redress, but because no better one can be attained. And, accordingly, such damages will stand, unless it is plain that the jury have gone very much astray in their action. Such damages have, in many cases, the effect of a heavy punishment; but whether the law properly regards them in that light we do not find it necessary to determine. For there are many wrongful injuries where the grievance created is purely pecuniary in its nature, and is susceptible of full

and definite money compensation. When this is the case, we do not conceive it admissible to abandon a certain rule, which will do complete justice, for an uncertain one, that can hardly fail to do injustice. It was remarked by my brother Christiancy, in *Allison v. Chandler*, 11 *Mich. R. p.* 555, that " where, from the nature and circumstances of the case, a rule can be discovered by which adequate compensation can be accurately measured, the rule should be applied in actions of tort, as well as in those upon contract." We think the present case is one of that kind. The parties have been damnified, if at all, by not getting the property they expected to get. Their position is, in point of damage, just what it would have been, had Warren agreed to convey what they bargained for, and wantonly broken his agreement. The same redress which would compensate the breach of such a contract, will compensate the deceit in not giving them what they supposed they were buying in the transaction complained of. We think the court erred in permitting the jury to adopt any other measure of damages.

Nor do we think the jury were properly permitted to consider the expenses of litigation in the present suit. It was held in *Hatch v. Hart*, 2 *Mich. R.* 289, that such expenses could not be considered in estimating damages for detention in replevin suits, and there is no distinction in principle between such cases and other actions for torts. Such we consider the better doctrine on authority, and also the more reasonable. We are not disposed to disturb the rule so laid down.

For these reasons, we think there is error apparent on the record upon the rulings on the estimate of damages.

The judgment below must be reversed, with costs, and a new trial granted.

COOLEY J. and CHRISTIANCY J. concurred.

MARTIN Ch. J. did not sit in this case.