LEWIS C. VERNOL, Appellant, v. THOMAS VERNOL, Respondent.

Where a party is induced to enter into an executory contract for the purchase of lands by means of false representation on the part of the vendor, if, after discovery of the fraud, he accept a conveyance, he cannot set up the fraud as a defence in an action for the purchase money. In an action to recover an alleged unpaid balance of the purchase-price of certain premises, the court found, in substance, that, plaintiff having entered into a contract with R. to purchase the premises for $5,250, represented to defendant that it was to cost him $6,000, and that defendant could have it for that price; that defendant believing such representations, verbally agreed to purchase at that price; that defendant after discovering the facts, with the consent of plaintiff, received a deed from R., paying to her $5,250. *Held*, that it was to be presumed from the facts found that the deed was delivered in accordance with the parol agreement; that it was not necessary to prove a promise by defendant at the time of the delivery to pay the balance; and that the false representations were not a defence.

(Submitted September 27, 1875; decided October 5, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court upon trial without a jury. (Reported below, 2 Hun, 676; 5 T. & C., 687.)

This action was brought to recover a balance alleged to be due and unpaid of the purchase-price of certain premises sold and conveyed to defendant.

The court found the following facts:

In the month of April, 1867, the plaintiff made and entered into a written agreement with one Robinson by which said Robinson agreed to convey to this plaintiff a certain house and lot in the city of Newburgh, N. Y., known as No. 123 Smith street, for the price of $5,250.

Subsequent to the making of said written agreement plaintiff represented to defendant that he had bought said property of said Robinson; that defendant could have it for the price of $6,000, what it was to cost plaintiff; that plaintiff

would not make a cent upon it; that defendant, believing such representations, verbally agreed with plaintiff that he would take said property and pay therefor the price aforesaid, said defendant then believing the price said plaintiff was to pay said Robinson to be $6,000. On or about May 1st, 1867, with the consent of plaintiff, said Robinson made and delivered to the defendant a deed of said premises and the defendant then paid to her $5,250, which the defendant ascertained from her was the price for which she had, by said written agreement, agreed to sell the same to said Lewis C. Vernol.

In April, after making the parol agreement, defendant learned that the plaintiff was to give but $5,250 for the house and lot in question. Between the time when the defendant so learned that fact, and the time when the deed passed from Mrs. Robinson to him, he did not notify or inform the plaintiff of what he had so learned, and did not, previous to taking the deed from Robinson, say any thing or communicate with the plaintiff with regard to the matter of the price of said premises, although during such interval he saw the plaintiff several times. And thereupon the court directed a judgment dismissing the complaint.

*John Miller* for the appellant. Plaintiff could recover the purchase money agreed by parol to be paid. (14 J. R., 210; 43 N. Y., 552.)

*James W. Taylor* for the respondent.

*Per Curiam.* According to the finding of the judge upon the trial, the defendant, believing the representations which had been made to him by the plaintiff, that the real estate which the plaintiff had contracted to purchase of Robinson had cost the plaintiff $6,000, verbally agreed with the plaintiff that he would take the same and pay therefor the price aforesaid, then believing the price the plaintiff was to pay said Robinson to be $6,000.

The defendant subsequently ascertained that the price was

$5,250, and with plaintiff's consent Robinson conveyed the premises to the defendant who paid the last mentioned sum to Robinson.   Assuming that the contract between the plaintiff and the defendant was originally a valid one, when the defendant ascertained that the price which the plaintiff was to pay had been misrepresented he was exonerated from any obligation to fulfill his contract, and would have been fully justified in repudiating the same.   The false representations made would have been an ample excuse for his non-performance.   While such was the case the defendant could not avail himself of these false representations to excuse the payment of the price agreed upon if he took the conveyance, and as he chose to carry the contract into execution, he was bound to pay the plaintiff the balance of the consideration money.   If the contract had been in writing and the plaintiff had brought an action to compel a specific performance upon defendant refusing to fulfill, the false representations would have been a complete defence.   But after the defendant had taken the deed it would not rest with him to refuse to perform by paying the price agreed upon.   He could not reap the fruits of the bargain by taking the property, thus fulfilling in part, and then repudiate the performance of the obligation to pay into which he had entered.   Such a course would, under the contract, be advantageous only to one of the contracting parties and cannot lawfully be upheld.

It is to be presumed that the deed was delivered to the defendant in accordance with the agreement proved, and although the judge did not find that fact specifically, the findings show that such must have been the case.   No other agreement was found to have been proven, and it is fairly to be inferred from the facts that the contract proved was fulfilled by the conveyance to the defendant.   No other legitimate conclusion can be arrived at, and such being the case it was not necessary to prove a promise to pay the plaintiff the amount claimed when the deed was delivered.   The promise to pay was comprehended in the agreement, and it may be inferred from the very fact that the deed was accepted

by the defendant.    These observations lead to the conclusion that the judge was wrong in dismissing the complaint, and the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur; except Church, Ch. J., not voting.

Judgment reversed.