MARTIN WALSH v. GEORGE D. SISSON AND FRANCIS LILLEY.

*Fraud in compromising debt.*

A creditor settled with his debtor for fifty per cent. of his claim, and did so on the strength of the latter's fraudulent representation that his other creditors had agreed to the same terms, and that he himself had compromised with a debtor of his own and received but $10,000 from him. The creditor having afterwards found that in this compromise the debtor had received $15,000 from the source indicated, sued him in damages for fraud, and set forth the facts in his declaration. *Held*, that in suing for the fraud, while he retained the sum paid him, he affirmed the debtor's compromise; and that, under his declaration, he could recover only the *pro rata* share to which he would be entitled with other creditors, of the amount which the debtor had actually received in that particular compromise beyond the sum which he said he had received. *Held*, farther, that it was a question of fact for the jury whether the additional amount had been received on that compromise or from some other sources.

Error to Ottawa. Submitted Oct. 12. Decided Oct. 31.

CASE. Defendants bring error. Reversed.

*Geo. C. Stewart, Theodore Romeyn* and *Henry M. Campbell* for appellants.

*Geo. A. Farr* for appellee.

MARSTON, J. This is an action on the case for fraud in effecting a compromise.

The declaration sets forth the indebtedness of the defendants in the year 1877; that they then had a contract with one Sands upon which there was a large amount due them; that they had compromised all matters of difference with Sands in relation thereto and that the same was fully settled and discharged, and that all they had received therefrom was the sum of $10,000; that they owed in unsecured debts $20,000; that they could only pay fifty per cent. of such indebtedness, and asked plaintiff to accept the same; that

plaintiff solely in consequence of such statement, that they had obtained but $10,000 as the avails and proceeds of the Sands agreement, and that the same were all the money and means the defendants had, to pay their debts, and that all the other creditors had agreed to accept in full satisfaction of their claims fifty per cent. thereof, the plaintiff accepted and received fifty per cent. of his claim in satisfaction thereof.

The breach set forth is that these statements were false; "that they had then received or were about to receive in settlement of said Sands' agreement, the sum of $15,000; and that said sum was actually received by them."

In *Jewett v. Petit* 4 Mich. 514, it was held that in a case like the present, the creditor, on discovery of the fraud, could not retain the sum paid and sue in *assumpsit* for the balance, but that he might retain the payment and maintain an action on the case for damages sustained by the fraud.

Where the creditor brings an action to recover damages for the fraud, retaining what he has received, he thereby affirms the compromise, and the damages which he is entitled to recover are the amount he would have received had no fraudulent concealment been made. This is the extent of the injury which he sustained because of the fraud practiced upon him.   Field on Damages § 706; *Page v. Wells* 37 Mich. 421; *Warren v. Cole* 15 Mich. 274; *Bowman v. Parker* 40 Vt. 413; *Foster v. Kennedy's Adm'r* 38 Ala. 359; *Moberly v. Alexander* 19 Iowa 164; *Reynolds v. Cox* 11 Ind. 266. The plaintiff in this case therefore, if entitled to recover, could not claim the unpaid balance of the indebtedness, but his *pro rata* share of the $5000, with interest thereon from the time of the compromise. This is the extent of the recovery that could be permitted under the declaration, as it is not alleged therein that the defendants had any other property which they fraudulently concealed.

This disposes of several of the questions raised, relating to the erection of a house, the purchase of a piano, and the value of the mill and other property acquired by them afterwards.   If the plaintiff had counted upon a fraudulent con-

cealment of other property, there might be some plausibility in that this class of testimony would have been admissible. There was no controversy in this case concerning the fact that defendants had received $5000, about the time of the settlement of the Sands claim, and that the receipt thereof was concealed from the plaintiff. The defendants did, while admitting the receipt of this $5000, deny that they had received it from Sands or on that claim. This was a disputed question of fact which should have been submitted to the jury, under proper instructions that in case they should find that it was received from Sands, or as a part of the proceeds or amount received upon the Sands claim in settlement thereof, then that the plaintiff as a creditor of the defendants would be entitled to recover his pro rata share thereof as already indicated.

The judgment will be reversed with costs and a new trial ordered.

The other Justices concurred.