TRUMBULL v. JANUARY.

DECEIT—WHEN LIES.

An action for deceit will lie where plaintiff is induced to part with her property to defendant by his deceit and fraud, and she receives nothing therefor, though he promises to pay.

Error to Wayne; Frazer, J. Submitted January 5, 1900. Decided February 20, 1900.

Case by Emma A. Trumbull against William L. January for fraud and deceit. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

---

[1] Appellant's application for rehearing on this point was denied May 18, 1900.

*Lehman Bros. & F. J. Riggs*, for appellant.

*Edwin F. Conely* and *Orla B. Taylor*, for appellee.

MOORE, J. This action was commenced by declaration. The declaration contained two counts. In the first count, plaintiff avers that Thomas Paulger was threatening to make her trouble concerning certain land, and that, being ignorant of her rights in the premises, she sought the advice of defendant, who held himself out as an attorney-at-law. She then avers that it became the duty of the said defendant to honestly, faithfully, and correctly advise her of her rights, and to protect her in the possession and ownership of said land, and to advise her that she had a good title, yet the defendant disregarded said duty, and, on the contrary, with intent to cheat and defraud her of said land, defendant falsely, deceitfully, and fraudulently represented to her that she would lose said land, and that she had better have $50 than nothing, and that she had better convey the land to defendant for protection, and that, after the said Thomas Paulger was quiet, he would pay her for said land or reconvey to her. She avers that she believed the defendant, relied upon what he said, and was deceived by what he said, and induced to execute a deed of said premises, and delivered the same to the defendant, without any consideration whatever, and that the same was obtained from her by fraud and deceit. She further avers that no trouble occurred with said Thomas Paulger, and that the defendant did not reconvey the land to her or pay her the value, but wrongfully, deceitfully, and fraudulently, without her consent or knowledge, conveyed said land to one John Sutton, and fraudulently converted the proceeds to his own use, to her damage $600.

The second count declares against the defendant in an action on the case in the nature of an action for deceit and fraud, averring that the plaintiff was the owner of a house and lot in the village of Plymouth, as described in the first count; that she obtained it from John Paulger on

account of care bestowed upon him during his declining years, and that said deed was delivered to her after the said Paulger's death; that she faithfully cared for the said John Paulger during his lifetime, but that Thomas Paulger, a son of John Paulger, threatened to make her trouble, and for that reason she sought the advice and assistance of the said defendant to protect her in her rights and her ownership and possession of said land, said defendant holding himself out as an attorney-at-law. She avers that it was the duty of the defendant to faithfully, honestly, and truly inform her of her rights, and to protect her in said property, and to advise her that her title to said lands was valid, yet the said defendant disregarded his duty, and wrongfully and fraudulently made false and fraudulent representations to her, by means of which she was deceived, and induced to execute and deliver a deed of said land to said defendant without receiving any consideration therefor, and that the defendant wickedly, wrongfully, and unlawfully cheated and defrauded her of her right, title, and interest in said land, and fraudulently, wrongfully, and knowingly induced plaintiff to convey said land to him without any consideration, and then and there, by means of false and fraudulent pretenses, cheated and defrauded her of said land and the value thereof, to her damage $600.

The attorney for the plaintiff proceeded to make an opening statement, when a colloquy occurred between him and the circuit judge and the counsel upon the other side. The judge informed the attorney for the plaintiff that he had mistaken his remedy, and could not recover in this action, and that he would, in his charge, cover the questions involved, so as to make a case that could be reviewed here. The judge then charged the jury as follows:

"Gentlemen of the Jury: This suit is brought by Emma A. Trumbull against William L. January. This action is known in law as an 'action for fraud and deceit.' The basis of the plaintiff's claim is this: His client, Mrs. Trumbull, then living under the name of Emma A.

Blanck, was the owner of a certain piece of property in the village of Plymouth, in this county. That property consisted of a small piece of land, with a cottage upon it, and was valued in the neighborhood of $300 or $350. Some difficulty had arisen between her and one Paulger as to her ownership of that property, and she placed her matters in the hands of one Starkweather, of the village of Plymouth. Mr. Starkweather had called in to his assistance in the determination of her rights in this controversy a man named Stanton, an attorney at this bar; and Mr. Stanton visited her at her residence in Detroit on several occasions, and solicited that she go to the office of William L. January concerning this matter in controversy. After two or three solicitations upon the part of Mr. Stanton, she went to the office of William L. January, and there Mr. January had a conversation with her, the purport of which was that Paulger had a lot of money,—more money than she had,—and that he could beat her in this trouble or suit, or give her a good deal of trouble in this controversy, and that they advised her to dispose of the property. She was inclined to do so,—inclined to dispose of it to Mr. January,—he offering to purchase it. She at first declined it, but on a subsequent consultation with her husband, Mr. Trumbull, with whom she was then living, they decided to go back and get what they could out of him; and they did go back, and agreed to sell it to Mr. January on the promise that January was to pay to her at the time of the execution of the conveyance the sum of $50, and that when he could ascertain whatever the property was worth, upon inspection, he would pay her whatever the property was worth over and above the $50, and that, if they could not agree upon what the property was worth upon inspection, he would return the property to her,—reconvey it to her,—the plaintiff in this suit. Upon the execution of the deed, William L. January did not pay the $50 that she had expected, from the conversation with him, would be paid then and there, without further delay, but told her that he would go out to look at the property, and that she could come in on a subsequent Friday, and that he would pay her the $50. She came in on that Friday, and on a number of times afterwards, but William L. January never paid her the $50, or any part of it, or any other part of the consideration. In fact, the claim is, upon the part of the plaintiff, that he obtained the conveyance of this land from her

without one cent of consideration whatever. In other words, he obtained it by fraud and misrepresentation, and the conveyance from her to him represented nothing to her,—she got nothing for it; that Mr. January subsequently deeded this property to one John R. Sutton; and that John R. Sutton subsequently deeded it to somebody else.

"The claim of the plaintiff is that under these circumstances she can recover for the fraud and deceit practiced by Mr. January upon the plaintiff in this suit, and that the measure of damages in that case would be the whole value of the property; and it is upon this opinion that counsel for the plaintiff has of the law that this suit is based. Now, mind you, I do not pass upon the merits of this case at all. But if the plaintiff's case is true, that William L. January has practiced this fraud upon this woman, she is entitled to recover this money back, ought to recover it back, because nobody is justified in obtaining property without paying for it, or practicing any such fraudulent representations as this woman claims Mr. January practiced on her in this matter; and it would be my duty and yours, if these facts were made out, to permit the recovery of this money. But I think it is my duty to say to you that this recovery must be had under the forms of law pointed out by the law itself. My opinion of the law is that the plaintiff has not sought the proper remedy; neither you nor I deciding whether they have got any remedy or not, but admitting that the statements made by plaintiff's counsel are true, for the purpose of deciding upon whether the proper remedy has been selected. Of course, Mr. January could put in his defense if the case ever comes to trial, to find out whether it was true or not; but, for the purpose of this trial, we must presume at this stage of the case that these statements on the part of the plaintiff are true. But, if they were true, the remedy pointed out by the law is twofold: First, if the fraud is adhered to, that is, if the plaintiff's claim that this fraud was perpetrated is adhered to, then the remedy on the part of the plaintiff is to seek a remedy in a court of chancery, where fraud is a matter of jurisdiction; that is, fraud is a head of equity jurisprudence; and, if this fraud can be established in a court of equity, this conveyance would be set aside, and Mr. January would be compelled by the decree of the court to reconvey the property to the plaintiff in this suit.

"But the plaintiff's counsel claims that, on account of the conveying of this property to somebody else by Mr. January, she would lose her remedy; that is, that the court could not enforce this decree to reconvey, as against the innocent grantees of Mr. January. That would be true, but this does not prevent the plaintiff from adhering to the fraud, and having a remedy in chancery, because it is my opinion that if it should be found that a decree of the court could not be carried out, for the reason that there had been a reconveyance of this land by Mr. January to an innocent holder, the court, having had jurisdiction of the case,—the subject-matter of the controversy between the parties,—would retain jurisdiction of the case for the purpose of making a fair adjustment of the matters between the parties. No matter whether the original remedy would have been by law, the chancery court having had proper jurisdiction, under the rules of law it would retain that jurisdiction, and make a decree requiring Mr. January, if this conveyance could not be made by him, to pay the money, for which an execution from the court of chancery might issue,—whatever the court should find was due in this transaction, as a matter of justice, between Mr. January and the plaintiff, who would be the complainant in that case in chancery. But that remedy has not been sought by the plaintiff in this case, but she has sought to recover here in an action for fraud and deceit. Fraud and deceit would not be the remedy, because the fraud and deceit in such a transaction is a matter over which the chancery court has exclusive jurisdiction; but she could waive that fraud and deceit, and say: 'I will affirm this conveyance. I will concede that I made this conveyance. Mr. January made the promise that he would pay me $50 for it, and also whatever else it can be found it would be worth;' and she could sue, not in an action of fraud and deceit, but in an action of *assumpsit*, based upon the promise of Mr. January. This could not be done unless she had waived the fraud; so that the way to recover back this money would be to waive this fraud, and to sue in *assumpsit*. Then, gentlemen of the jury, if this action had been based that way in a court of law, this question could go to you for your consideration; but that is not the form of action the plaintiff has selected, and therefore I think, under the statement of counsel, there is nothing here upon which I can submit this case to you at all, but simply hold that the remedy sought by the plaintiff is not the remedy

pointed out by law, and, until she does seek the proper remedy pointed out by law, the matters of difference between these parties cannot be adjusted in a court."

He then directed the clerk to receive the verdict of the jury in favor of defendant.

Counsel argue several questions in their briefs which were not before the court, but we decline to consider them here. It is evident that the circuit judge was of the opinion that plaintiff could not recover in an action at law, except in an action of *assumpsit*. We think he was in error. In *Jewett* v. *Petit*, 4 Mich. 508, it was held that, where a creditor is induced by the fraudulent representations of the debtor to compromise and receive part of his demand, he cannot, on discovery of the fraud, retain the sum paid, and sue in *assumpsit* for the balance, but he may retain the payment, and maintain an action on the case for damages sustained by the fraud. Justice DOUG-LASS, speaking for the court, said:

"The authorities last cited show, also, that one who has his election whether he will affirm a particular contract must elect either to affirm or disaffirm it altogether. He cannot adopt that part which is for his own benefit, and reject the rest. If he elects to disaffirm on the ground of fraud, he must do so as soon as the fraud is discovered, and must restore the other party, so far as it then can be done, to the same situation he would have been in if the contract had never been made. 2 Pars. Cont. 277, and cases there cited. In *Pierce* v. *Wood*, 3 Fost. (N. H.) 520, it was held that this rule was inapplicable to the case of the compromise of a debt on receiving a percentage thereon, and that, if the compromise was voidable for fraud of the debtor, the creditor might disaffirm it, and maintain *assumpsit* for the balance of the debt, without returning what he had received. But I must be permitted to express a doubt whether this decision is in accordance with sound principles. The court seemed to have thought that, unless this was so, the creditor might be compelled to incur the risk of losing what he had received, in order to recover that out of which he had been defrauded. But we think no such consequence would follow; for, if the creditor did not choose to incur the risk, he might affirm the compromise, and maintain an action on the case to

recover damages for the fraud. 1 Smith, Lead. Cas. (5th Am. Ed.) 253, and cases there cited; *Wilson* v. *Fuller*, 3 Adol. & E. (N. S.) 68; *Taylor* v. *Ashton*, 11 Mees. & W. 401; *Harrington* v. *Stratton*, 22 Pick. 510; *Ward* v. *Wiman*, 17 Wend. 193."

This case was quoted with approval in *Walsh* v. *Sisson*, 49 Mich. 423 (13 N. W. 802). See, also, *Galloway* v. *Holmes*, 1 Doug. (Mich.) 343; *Picard* v. *McCormick*, 11 Mich. 68; *Warren* v. *Cole*, 15 Mich. 265; *Dayton* v. *Monroe*, 47 Mich. 193 (10 N. W. 196).

In *People* v. *Shaw*, 57 Mich. 403 (24 N. W. 121, 58 Am. Rep. 372), it was held that fraud in obtaining the possession of money may supply the place of a trespass in taking it, so as to make the conversion of it felonious. The same doctrine is held in *People* v. *Martin*, 116 Mich. 446 (74 N. W. 653). In *Upton* v. *Vail*, 6 Johns. 181 (5 Am. Dec. 210), Justice Kent uses the following language:

" The case went, not upon any new ground, but upon the application of a principle of natural justice, long recognized in the law,—that fraud or deceit, accompanied with damage, is a good cause for action. This is as just and permanent a principle as any in our whole jurisprudence."

See *Millar* v. *Taylor*, 4 Burrow, 2345; *M'Farlane* v. *Moore*, 1 Tenn. 174 (3 Am. Dec. 752); *Medbury* v. *Watson*, 6 Metc. (Mass.) 259 (39 Am. Dec. 726); *Pasley* v. *Freeman*, 3 Term R. 52; *Dowd* v. *Tucker*, 41 Conn. 197.

It is the claim of the plaintiff that she was induced to part with her property by reason of the deceit and fraud of the defendant. She has received nothing. There is nothing for her to tender back. The case, as stated by her counsel, is something more than a conveyance upon her part, based upon the promise of Mr. January to pay. She claims the conveyance was obtained by deceit. We think she was entitled to go to the jury with the case as outlined by counsel.

Judgment is reversed, and new trial ordered.

The other Justices concurred.