### EDWARD R. MORAN *v.* FRANCIS E. TUCKER.

JULY 5, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(1)   *Deceit.*

Where defendant by fraudulent representations induced plaintiff to enter into a contract with him for the sale of land, as a result of which plaintiff paid him $1,000 in cash and gave him a four months note for $400, and the evidence showed that in further fraud of the plaintiff the defendant did not intend to procure for him the land which defendant had promised to purchase, plaintiff was not required to make payment of the note before suing in deceit for the damages already suffered by the fraud.

TRESPASS on the case for deceit.    Heard on exceptions of defendant and overruled.

SWEETLAND, J.   This is an action of trespass on the case in deceit brought to recover damages for alleged fraudulent misrepresentations made by the defendant to the plaintiff in a transaction between them relating to the sale of certain land.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff.   Said justice denied the defendant's motion for a new trial.   The case is before us upon the defendant's exception to the decision of the justice on said motion and upon the defendant's exceptions to certain rulings of the justice made in the course of the trial.

From the evidence the jury were warranted in finding the following:   Through the efforts of the defendant eight persons purchased from the Canadian Pacific Railway Co. certain land in the province of Alberta in the Canadian Northwest.   The defendant was the purchaser of one section of said land known as Section No. 27. Section No. 27 stood on the records in the name of the defendant's wife.   These lands were held in severalty; but the owners had entered into an agreement to cultivate said land jointly.   This joint enterprise they termed the syndicate.   The defendant was made the manager and treasurer of said syndicate; in the Spring of 1913 he went upon the land and made some arrangements for the purchase of machinery and supplies to cultivate said syndicate land.   The defendant also claimed that he had procured from the Canadian Pacific Railway Co. an option for the purchase of an additional one and one-half section of land adjoining the land of the syndicate.   In April, 1913, the defendant came to Providence and met the plaintiff.   The defendant then represented to the plaintiff that the affairs of the syndicate were in a sound,

prosperous and profitable condition; that he intended to plant a number of sections of the syndicate land largely with flax; that everything was in readiness for the im mediate planting of several sections of said land; that he himself intended to increase his holdings in the syndicate until he owned five sections; that for $1,000 in cash and a four months' note for $400 he would purchase for the plaintiff one-half section of the section and one-half of land upon which he held said option and make arrangements that the plaintiff might put the land thus purchased into the syndicate and share in the profits of that enterprise.    These representations were false.    The affairs of the syndicate were not prosperous; the defendant knew that he was not able and he did not intend to plant a number of sections of the syndicate land; he had learned that it was too late in the season to plant flax and that said land was not suited to the cultivation of flax; he did not intend to increase his holdings in said syndicate but was at that time endeavoring to dispose of the section which he did own; he did not intend to use said $1,400 to purchase one-half section of land for the plaintiff from the Canadian Pacific Railway Co., but did intend to turn over to the defendant one-half of Section No. 27, a portion of the land which he held in the syndicate.    From the evidence the jury were warranted in finding that the defendant obtained the $1,000 cash and the four months' note for $400 from the plaintiff through false representations.

Upon learning that the defendant had deceived him the plaintiff gave the defendant notice that he rescinded the contract; and he demanded that the defendant return to him said $1,000 in cash and the four months' note for $400.    The defendant claims that because the plaintiff did not go on and complete the payment of fourteen hundred dollars, but did disaffirm the contract and demanded

a return of the money fraudulently obtained from him, the plaintiff has lost his right to sue in deceit.

The jury found specially that when he made the contract with the plaintiff it was the intention of the defendant to sell to the plaintiff one-half of Section No. 27 which he held in said syndicate and that he did not intend to purchase for the plaintiff a one-half section of the one and one-half sections of land on which the defendant claimed that he had an option. This finding was fully supported by the defendant's letter of June 1, 1913, to (1) the plaintiff, and by other evidence in the case. It thus appears that the defendant not only by fraudulent misrepresentations induced the plaintiff to enter into a contract with him for the sale of land, but also that in further fraud of the plaintiff the defendant did not intend to procure for the plaintiff the land which the defendant had promised to purchase.

Generally an action in deceit for damages caused by fraudulent misrepresentation in procuring a contract is based upon the theory of an affirmance of the contract. It has been held that in the case of an executed contract the party defrauded has the right to pursue one of two remedies, either he may rescind the contract, return what he has received under it and sue to recover back what he has paid; or he may affirm the contract and sue for his damages in an action for deceit; but he cannot pursue both remedies. This is a reasonable rule, for the contract has been executed and the victim of the fraud without incurring the risk of further loss is free to elect the remedy which appears more beneficial to him. In many cases where the contract is only partially executed it would be unjust to hold, because of the theory on which the action of deceit is said to be based, that the party defrauded shall lose the advantage which, in our practice, attaches to a tort action, unless he makes further venture in the transaction into which he has been induced by

fraud to enter. The force of this is apparent in a case like that at bar. By fraud the defendant has obtained a thousand dollars of the money of the plaintiff, the plaintiff knows of that fraud and he also knows from the actions and the statements of the defendant that the defendant does not intend to make performance of the contract on his part. In those circumstances the plaintiff should not be required to pay four hundred dollars more to the defendant before the plaintiff shall be permitted to sue in deceit to recover the damages which he has already suffered by the fraud. In *Warren* v. *Cole,* 15 Mich. 265, the court said: "This is not, as claimed by Warren, a suit to enforce a contract. On the contrary it is an action of tort to recover damages for a deceit and imposition claimed to have been practised on Cole and Arnold, whereby they were fraudulently induced to make an agreement they would not have made had they known the truth. This being the character of the suit, it cannot be seriously contended that a person repudiating a contract for fraud cannot sue for redress, if he has suffered damage from it."

If, after being informed of the fraud which had been practised upon him, the plaintiff had gone on and completed his payments and had received the land which the defendant fraudulently intended to substitute for that which he had undertaken to purchase, under the authority of some of the cases the plaintiff should be held to have condoned the fraud and to have lost his right to sue in deceit. A carefully considered case in support of that position is *Kingman* v. *Stoddard,* 85 Fed. 740. In *Simon* v. *Goodyear Metallic Rubber Shoe Co.,* 105 Fed. 573, Mr. Justice Lurton said: "If one after full knowledge of the fraud and deceit by which he has been induced to make a sale of property goes forward and executes it notwithstanding such fraud, the damage which he thereby sustains is voluntarily incurred. The maxim *Volenti non*

*fit injuria* has application to all loss resulting from the voluntary execution of a non-obligatory contract with full knowledge of the facts which render it voidable." *Selway* v. *Fogg,* 5 Mees. & W. 83, was an action in assumpsit to recover payment for certain work the value of which amounted to £20. The defendant claimed a contract on the part of the plaintiff to do the work for £15. The plaintiff insisted that that contract had been obtained by fraudulent misrepresentation on the part of the defendant. Baron Parke said: " I also think that, upon discovering the fraud (unless he meant to proceed according to the terms of the contract), the plaintiff should immediately have declared off, and sought compensation for the by-gone time in an action for deceit; not doing this, but continuing the work as he has done, he is bound by the express terms of the contract, and if he fail to recover on that, he cannot recover at all." In *Vernol* v. *Vernol,* 63 N. Y. 45, the court held, as appears in the headnote of the case, that " where a party is induced to enter into an executory contract for the purchase of land by means of false representation on the part of the vendor, if after discovery of the fraud he accept a conveyance he cannot set up the fraud as a defense in an action for the purchase money." *People* v. *Stephens,* 71 N. Y. 527. It should be noted, however, that many cases hold in the case of a contract procured by fraud that the party defrauded may go on after knowledge of the fraud and perform the contract and not lose his right to an action of deceit when it appears that there has been no waiver of the claim for damages. We are not called to pass upon this point as the plaintiff did not go on with the contract in question; and we are fully of the opinion that in refusing to go on the plaintiff did not lose his right of action in deceit.

The defendant's exception to the ruling of said justice denying the defendant's motion for the direction of a

verdict and the defendant's exception to the decision upon his motion for a new trial should not be sustained, either on the ground that there has been a waiver by the plaintiff of an action for deceit or on the ground that the issue of fraud raised by the declaration was not supported by the evidence.

The other exceptions of the defendant are without merit and require no discussion in this opinion.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*O'Shaunessy, Gainer & Carr,* for plaintiff.
*Green, Hinckley & Allen,* for defendant.
*Chauncey E. Wheeler, Harold P. Salisbury,* of counsel.