[Civ. No. 2897. Second Appellate District, Division Two.—May 2, 1919.]

## SARAH V. PEMBROOK, Appellant, v. T. H. HOUSTON, Respondent.

[1] VENDOR AND VENDEE—EXECUTORY CONTRACT—FRAUDULENT REPRESENTATIONS—ACTION FOR DAMAGES—TENDER.—Where the purchaser under an executory contract for the sale of land, after discovery of fraudulent representations of the vendor as to the identity of the land, elects to affirm the contract and sues to recover the amounts paid for improvements placed on the wrong land, together with the difference between the value of the land covered by the contract and the value of the land represented as covered by the contract, the facts that she is indebted under the contract for an unpaid balance on the purchase price, that at the time of bringing the action she is in default in her payments, and that she does not allege tender of the amounts due, are not fatal to her cause of action.

[2] ID.—PLEADING—INSUFFICIENT STATEMENT OF FACTS—DEMURRER.— Where the complaint in such action does not disclose any direct allegation of facts which would constitute misrepresentation as to the land to be conveyed under the contract, if there is an attempt to plead the facts relied on as establishing fraud, the main weakness of the complaint being in the sufficiency of their statement, rather than an entire failure of statement, the complaint is sufficient, in the absence of a special demurrer.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. E. Barber, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Olin Wellborn, Jr., and Stephen Monteleone for Appellant.

Davis, Kemp & Post for Respondent.

SLOANE, J.—This is an action for damages for alleged fraudulent representations by defendant in negotiating a contract of sale of real estate. General demurrer to the complaint was sustained, and plaintiff refusing to amend, judgment was given for the defendant. Plaintiff appeals on the judgment-roll.

Under the contract as pleaded the defendant agreed to sell, and the plaintiff agreed to buy, a tract of land described as the north thirty-two acres of lots 1 and 2 of fractional section 12, township 1 south, range 11 west, S. B. M., for four thousand eight hundred dollars. Five hundred dollars was paid upon execution of the contract, November 29, 1911, and $250 was to be paid on the 1st of October, 1912, and a like sum yearly thereafter until fully paid, with interest at seven per cent, payable semi-annually. The complaint for damages rests upon an allegation—if it is sufficiently pleaded—that the defendant, in negotiating the sale, pointed out and represented as the land to be sold a different tract than that covered by the description. The plaintiff had paid in all $1,051 on the contract price before discovery of the alleged fraud. She elects to affirm the contract, and sues for damages in the sums of one thousand two hundred dollars for improvements placed on the wrong tract of land, and three thousand eight hundred dollars, the alleged difference between the value of the land actually covered by the contract, and four thousand eight hundred dollars, the value of the land she claims was represented to her.

[1] The first objection to the sufficiency of the complaint is that it appears therefrom that although the plaintiff had elected to affirm the contract and sue for damages, and is seeking to recover five thousand dollars, she is indebted to the defendant, under the terms of the contract, in the sum of three thousand eight hundred dollars, the unpaid balance of the contract purchase price, with accrued interest thereon, which she has not paid or offered to pay, a portion of which was due before she discovered the facts on which she bases fraud, and that a still larger sum was due before the commencement of this action. We doubt if the failure to allege payment or tender of the amount for which she was in default at the time of discovering the alleged fraud is fatal to plaintiff's right of action. If the defendant is shown to have been actually guilty of fraud he was not in a position to declare a forfeiture; and we are of the opinion that the fraud, if it existed, justified the plaintiff in withholding the payments to recoup the damages she would be entitled to recover. We so construe the rule laid down by the supreme court in the case of *Hines* v. *Brode,* 168 Cal. 507, [143 Pac. 729]. That was a case closely analogous to this, excepting

for the fact that the plaintiff, the vendee, was not in default at the time of commencing suit, but he only averred ability and willingness to pay amounts accrued on his contract to the time of discovery of the fraud. In that case the contract price was for two thousand dollars, and interest on deferred payments, and only $311.25 had been paid at the time of commencing suit. No tender or declaration of willingness or ability to pay the balance of the purchase price was made, although the plaintiff had elected to affirm the contract and sue for the deceit. He recovered judgment for damages in the sum of four thousand dollars, but no offset was made to defendant for the unpaid purchase price under the contract, and a new trial was granted on that account. As the opinion of the court sets out, in the ordinary case, where the contract has been wholly executed, its affirmance would give to the defendant the benefit of his entire consideration, and require him to answer in damages only for the difference between the actual value of the land sold and the value it would have had if it had been as represented. The court there lays down the rule, as applicable to executory contracts, as follows: "Nevertheless, we think the rule not difficult of determination. Where, under an executory contract, a plaintiff seeks recoupment in damages for deceit while affirming the contract (and it must necessarily be an affirmance if the action be not after rescission), it must be conclusively taken as to such plaintiff that he stands ready and willing to pay the full consideration called for by the contract, and that the damages which he is entitled to recover are no other and no greater than those which would be awarded to a plaintiff who had fully executed his contract. Therefore, in case of an executory contract, from the award which the jury may make because of the fraud, must be deducted the unpaid part of the purchase price or the value of any other consideration." As we have already pointed out, the only difference between the case cited and the one before us is that in the case here the plaintiff was already in default in a small amount at the time of discovering the facts relied upon to establish fraud. But if the discovery of the fraud suspends liability to make payments accruing after the discovery of the fraud and pending the action, as we believe it does, we see no reason why defendant should not be estopped by his fraud from claiming at this time a forfeiture

for previous suspended payments. It is the fraud itself, and not the discovery, which imposes the disability upon the defendant.

There are facts set out in plaintiff's complaint that suggest the probability that the whole story of this affair has not been told. It appears that shortly after plaintiff gave notice to defendant of her discovery of the alleged misrepresentations of the property sold, the defendant made a demand for redelivery of possession, and that plaintiff surrendered to defendant possession of the premises. No explanation of this transaction is given. It may have been intended as a forfeiture of the contract or as a rescission; but there is nothing in the complaint to attach to it a significance that would defeat plaintiff's right of action, and we cannot assume one to exist.

But another objection, or series of objections, is raised by respondent in support of his judgment and against the sufficiency of this complaint. It is claimed that the complaint does not state facts sufficient to constitute actionable fraud. It clearly does not sufficiently state the facts relied upon, and if special demurrer had been made on that ground, it would have been properly sustained. A careful scrutiny of the complaint fails to disclose any direct allegation of facts which would constitute misrepresentation as to the land to be conveyed under the contract. It is alleged that in the course of the negotiations "defendant showed and exhibited to plaintiff certain land and real estate other and different from the real estate included within the description contained in the agreement of sale," and that "defendant well knew that the land shown and exhibited was not the land included in the description"; but no word or act is pleaded to show that the plaintiff at any time represented that this outside parcel of land so shown, and so known to him, was to be included in the contract of sale. For all that appears, other than by inference, he may have pointed out this outside parcel as belonging to a neighbor. It is true the pleading avers that at all times the plaintiff relied upon "the representations" made by the defendant as to the land shown and exhibited to plaintiff being the land included in the description, and that at all times the defendant knew that plaintiff was relying "upon the representations" made by defendant to plaintiff to the effect that the land shown and

exhibited to plaintiff was the land included within the description; but what were the representations? What was said or done in pointing out this land to justify plaintiff in the conclusion that defendant was intending to designate this outside land as the land he was selling nowhere appears by direct averment in the complaint. Moreover, although the complaint states that plaintiff wholly relied on the representations of defendant that the land pointed out was the land included in the description, it is further alleged that the plaintiff, at various times prior to the twenty-fifth day of August, 1913, stated to defendant that she had been informed by a party by the name of Blaine that he was the owner of portions of the property shown by defendant as agreed to be sold under the contract, and that the same did not belong to respondent. How long prior to the twenty-fifth day of August did this occur? Quite probably plaintiff may refer to a time subsequent to this contract of sale, but, under the rule that the averments must be construed most strongly against the pleader, this averment may include the period covering the negotiations preceding the contract.

[2] Appellant in his brief states that these objections were not presented on the argument of the demurrer in the trial court, and it is probable that if they had been, plaintiff would not have refused to amend, for they point out very serious defects in the pleadings; but this could not be sufficient reason for ignoring an objection to the sufficiency of a cause of action because raised for the first time in the appellate court. However, the only question of the sufficiency of this complaint was raised by general demurrer, and, as it is obvious that there has been an attempt to plead the facts relied on as establishing fraud, and that the weakness of the complaint is in the insufficiency of their statement, rather than an entire failure of statement, we are disinclined to hold the complaint insufficient, in the absence of special demurrer. (*Lattin* v. *Hazard*, 85 Cal. 58, [24 Pac. 611]; *Grant* v. *Sheerin*, 84 Cal. 197, [23 Pac. 1094]; *Mullally* v. *Townsend*, 119 Cal. 47, 52; [50 Pac. 1066].)

The judgment is reversed.

Finlayson, P. J., and Thomas, J., concurred.