[Civ. No. 3212.    Second Appellate District, Division Two.—November 13, 1920.]

## H. C. HULLINGER, Respondent, v. THE BIG SESPE OIL COMPANY (a Corporation), Appellant.

[1] FRAUD—EXECUTION OF CONTRACT—REMEDIES.—One who has been induced by fraud to enter into a contract may either rescind the contract and restore to the other party what he has received as provided by section 1691 of the Civil Code or he may elect to stand upon the contract, retaining all the benefits thereof, and recover whatever damages he may have sustained.

[2] ID.—CONTRACT FOR LEASING OF OIL LANDS — ACTION BY LESSEE FOR FRAUD—MEASURE OF DAMAGES.—A judgment in an action for damages for fraud and deceit practiced by the defendant in a transaction concerning a lease on certain oil lands must be reversed where the complaint sounds in damages alone, and it cannot be determined from the findings whether the court in rendering judgment took into consideration the fact that under the contract for the lease there was due from the plaintiff a certain sum in unpaid installments.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

E. D. Martindale and John H. Miller for Appellant.

Edwin A. Meserve and Harry W. Hanson for Respondent.

WELLER, J.—Defendant appeals from a judgment entered in the superior court in favor of the plaintiff for the sum of· five thousand six hundred dollars damages for fraud and deceit practiced by the defendant in a transaction concerning a lease on certain oil lands in Ventura County.

It is alleged in the complaint that, for the purpose of inducing plaintiff to enter into a lease on the premises, defendant falsely represented to plaintiff that it was the owner in fee simple of the property, upon which there was an oil well capable of producing fifty barrels of oil per day; that all of the leased land was proven oil territory, and that there was located on the property a standard oil rig, boiler, and engine, in good condition, with a complete outfit of tools and sixteen hundred feet of casing. Before the execution of the lease defendant showed the plaintiff certain land upon which there was a drilled well, and stated that it was the land proposed to be leased, and that the well was capable of producing fifty barrels per day. It was impossible to examine or test the well prior to the making of the lease, by reason of it being full of water, but defendant agreed to pump out the water, cement the well, and demonstrate its capacity. Plaintiff relied upon these representations, and entered into the lease, paying

the sum of two thousand dollars down, and agreeing to pay the further sum of thirteen thousand dollars in installments thereafter. As a further consideration for the execution of the lease, defendant agreed to deliver to plaintiff ten thousand barrels of oil within six months from August 18, 1909, to be repaid out of the first product of wells to be sunk on the leased property. This oil was not delivered in accordance with the agreement, and the court assessed the damages therefor at three thousand dollars.

Defendant was not in fact the owner of the land covered by the lease, but had only a mining claim, which had been located prior to the discovery or development of oil, or any effort to do so. The premises covered by the lease signed by the parties had no drilling rig, boiler, engine, or drilling tools, and there was not located thereon a producing oil well; nor was the well shown to plaintiff before the execution of the lease a producing oil well, but, in fact, proved to be a water well only.

The court found that, although the defendant represented to plaintiff that the well so shown was on the land described in the lease, and that it was capable of producing fifty barrels of oil per day, and that both representations were untrue, nevertheless defendant believed the representations to be true. The court further found that, because of defendant's failure and refusal to deliver a lease covering property owned by it in fee simple, in which was located an oil well of fifty barrels daily production, and because the lease did not embrace the standard rig, boiler, and engine in good condition, drilling tools and casing, plaintiff was damaged in the further sum of two thousand six hundred dollars.

After the discovery by plaintiff of the falsity of the representations regarding the capacity of the well and the condition of the title to the property, negotiations were commenced looking toward a settlement of the differences, without success. Following this, defendant notified plaintiff that its board of directors had passed a resolution withdrawing all propositions with relation to the leasing of the property, and requested plaintiff to return the leases which had been submitted for his consideration. Plaintiff did not comply with the request, but instead instituted this action for damages, with the result noted.

Appellant contends that, as plaintiff neither alleged nor proved performance, or offer to perform, or rescission on his part, he cannot recover.

[1] It is well settled that one who has been induced by fraud to enter into a contract has a choice of remedies. He may rescind the contract, restoring to the other party what he has received under the contract, as provided by section 1691 of the Civil Code; or he may elect to stand upon the contract, retaining all the benefits thereof, and recover whatever damages he may have sustained by reason of the fraud. (*Westerfield* v. *New York Life Ins. Co.*, 129 Cal. 68, [58 Pac. 92, 61 Pac. 667].) If the contract be executory, and the defrauded party choose to affirm and pursue his remedy of suing for damages, he must be prepared to assume all of the burdens imposed upon him by the agreement. He must stand ready and willing to pay the full consideration called for by the contract, in which event, if the damage be greater than the balance due under the agreement, such balance must be deducted from any award of damages made in the action. However, as a condition precedent to this right of recoupment, the plaintiff must allege and prove that he is willing and able to perform the contract according to its terms. (*Hines* v. *Brode*, 168 Cal. 507, [143 Pac. 729].)

[2] The complaint in the instant case sounds in damages alone. There is no allegation of rescission after discovery of the fraud; nor is it averred that plaintiff has offered or is willing to carry out the conditions of the contract on his part to be performed. From the findings in this case, we are unable to determine if the court, in rendering its judgment, took into consideration the fact that under the contract there was due from plaintiff the sum of thirteen thousand dollars in unpaid installments. It is somewhat significant that the amount allowed as damages for failure to deliver a fee-simple title is the equivalent of the amount paid by plaintiff at the time of the execution of the lease contract, with interest thereon; and it may well be inferred that it was the intention of the court to compel the defendant to restore the amount it had received on the purchase price of the lease, without any rescission by the plaintiff on discovery of the fraud. This inference is fortified by the circumstance that there is no testimony

in the record before us upon which to base a finding that the sum so assessed was the actual damage sustained, except so far as the amount agreed to be paid might be considered as evidence of the value of the property had it been as represented.

Plaintiff seeks to excuse performance or offer to perform on the theory that the failure of defendant to comply with its contract obviated the necessity of compliance on his part while defendant was in default, citing sections 1439 and 1440 of the Civil Code as authority for his position. These sections deal with the reciprocal duties of the parties to a contract, and each must fulfill or offer to perform every obligation imposed upon him before he can demand or require performance from the other, except where such other party has given notice that he will not comply with his part of the contract. Thus, before plaintiff can maintain an action based upon his contract, he must allege and prove that he has fulfilled all the obligations thereof, or is able and willing to do so, or that the defendant has notified him that it will not be bound by the contract. None of these necessary allegations appears in the complaint herein. It proceeds, apparently, upon the theory that, because he had complied with his obligation up to the time of the discovery of the fraud, plaintiff could immediately proceed to recover his damages, without further compliance or offer to perform. This he cannot do, under the rule enunciated in *Hines* v. *Brode, supra,* which was decided after this action was commenced.

For the reasons stated, the judgment must be reversed, and it is so ordered.

Finlayson, P. J., and Thomas J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1921, and the following opinion then rendered thereon:

THE COURT.—We do not approve those portions of the opinion which declare that it is essential for a plaintiff in an action for damages on the contract, whereby the contract is affirmed, to allege or prove his willingness and

ability to perform the contract according to its terms. The law as to the *amount* that may be recovered in such an action and what must be set off against any damage proved is sufficiently declared in *Hines* v. *Brode,* 168 Cal. 507, [143 Pac. 729].

The statements referred to are not essential to the decision of the district court of appeal.

The application for a hearing in this court, after judgment in the district court of appeal of the second appellate district, division two, is denied.

All the Justices concurred.