[S. F. No. 11572. In Bank.—July 29, 1927.]

## G. PAOLINI, Respondent, v. D. SULPRIZIO, Appellant.

[1] APPEAL — NOTICE TO PREPARE TRANSCRIPT — DEFAULT — RELIEF FROM.—The objection to the consideration of an appeal on the ground that the notice to the clerk to prepare a transcript was filed too late is without merit where, in a proceeding under section 473 of the Code of Civil Procedure, defendant obtained an order from the trial court granting relief from his default.

[2] CONTRACTS—SALE OF REAL PROPERTY—FRAUD—REMEDIES.—Three remedies are open to a party defrauded in a contract for the purchase of real estate: first, rescission, whereby, upon the discovery of the fraud, he repudiates the contract, offers to return what he has received, and seeks a restoration to his original position, claiming whatever damage he may have suffered by reason of the unconscionable conduct of the other party; or, second, he may affirm the contract, retain what he has received, and sue for his damages in an action for deceit; and third, he may set up the seller's fraud as a partial defense or counterclaim without any offer of restitution, and recoup his damages, in an action brought by the guilty party to the contract.

[3] ID.—AFFIRMANCE OF CONTRACT—DAMAGES—PLEADINGS.—A party affirming a contract for the purchase of real property, and seek-

---

1. See 2 Cal. Jur. 630.
2. See 25 Cal. Jur. 709; 27 R. C. L. 379.

ing damages for a collateral fraud, need not allege willingness and ability to perform the terms of the contract in order to maintain his action, or defensive relief.

(1) 4 C. J., p. 419, n. 20.  (2) 39 Cyc., p. 1997, n. 98, 1, p. 1998, n. 3.  (3) 27 C. J., p. 20, n. 52.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Reversed.

The facts are stated in the opinion of the court.

Arthur Allyn and Edward F. Peters for Appellant.

Stanley Moffatt for Respondent.

WASTE, C. J.—Judgment was entered in this case in favor of the plaintiff for the balance due under an executory contract for the sale of real property. Defendant's motion for a new trial being denied, he has appealed. [1] The objection of the respondent to the consideration of the appeal, on the ground that the notice to the clerk to prepare a transcript was filed too late, is without merit. In a proceeding under section 473 of the Code of Civil Procedure, the defendant obtained an order from the trial court granting relief from his default.

Respondent sold a vineyard to the appellant at the agreed price of $12,000. The appellant assumed a mortgage against the property in the sum of $7,000, paid $3,000 in cash, and agreed to execute promissory notes for the balance. A deed of the land was executed and delivered to appellant, and he went into possession, but failed to complete the payments required or to execute notes for the amount as promised. After waiting some eight months the vendor brought this action to recover the balance due, with interest. The vendee made specific denial of the allegations of the complaint and by way of separate defense and counterclaim against the respondent alleged that he had been damaged to the extent of $2,000 by reason of misrepresentations of the respondent as to the nature and quality of the land sold. He subsequently filed an amended answer and a cross-complaint, alleging the amount of damages to be $5,000. He did not allege in his answer, or in the cross-

complaint, that he had rescinded the contract, or that he had affirmed it and was willing and able to perform according to its terms.

When the case came on for trial the respondent testified to the transaction between himself and the appellant and to the unpaid balance of the purchase price of the land. Appellant thereupon admitted that "$1,232 more" was to be paid under the contract, but claimed that his damages, by reason of the alleged misrepresentations, were greater than the balance due, and sought to prove the allegations of his cross-complaint. On the objection of the plaintiff and in apparent reliance on an expression of this court in *Hines* v. *Brode,* 168 Cal. 507, 515 [143 Pac. 729], the trial court refused to permit the introduction of any evidence on the subject of damages upon the ground that it was not alleged in the cross-complaint that defendant had rescinded the contract or had complied, or was ready and willing to comply, with its provisions. As a result of the court's ruling the defendant was deprived of any opportunity to support his claim that he had been damaged in the transaction, and judgment was entered for the plaintiff for the unpaid balance due on the sale of the vineyard.

[2]  Notwithstanding the language of the court in *Hines* v. *Brode, supra,* which seems to lend support to the position of the court below, and to the contention of the respondent on this appeal, that it was incumbent on the appellant to allege his willingness and ability to perform the terms of the contract, we are of the view that the court erred in sustaining the objection to the introduction of appellant's evidence. Three remedies are open to a party defrauded in a contract for the purchase of real estate. One is rescission, whereby, upon the discovery of the fraud, he repudiates the contract, offers to return what he has received, and seeks a restoration to his original position, claiming whatever damage he may have suffered by reason of the unconscionable conduct of the other party; or, two, he may affirm the contract, retain what he has received, and sue for his damages in an action for deceit. It is a principle of universal application that a right of action for damages for a fraud arises immediately upon the consummation of the fraud, which may arise in a contract executed or executory, and which may be asserted at once

upon the discovery. The action is not upon the contract, but is collateral to it, and is on the case (*Hines* v. *Brode, supra*), and one induced by fraud to enter into a contract for the purchase of real estate is not required to perform on his part as a condition to maintaining his action for deceit. (*Moran* v. *Tucker*, 40 R. I. 485 [L. R. A. 1918A, 99, 101 Atl. 327]; *Stearns* v. *Kennedy*, 94 Minn. 439 [103 N. W. 212]; *Pierce* v. *Hellenic etc. Co.*, 76 Misc. Rep. 473 [135 N. Y. Supp. 605].) In many cases it would be unjust to hold that the party defrauded shall lose the advantage which attaches to a tort action, unless he makes further venture in a transaction into which he has been induced by fraud to enter. He affirms the contract, but not as one made in good faith. He consents to be bound by the provisions of the agreement but does not thereby release or waive his claim for damages arising from a fraud collateral to the agreement. He must himself be willing and able to perform on his part, and it must be conclusively taken that he stands ready and willing to pay the full consideration called for by the contract. If the contract remains executory, the damages which he is entitled to recover are no other and no greater than those which would be awarded to a party who has fully executed his contract. From any award which may be made because of the fraud must be deducted any unpaid part of the purchase price. (*Hines* v. *Brode, supra,* p. 515.)

In harmony with this principle, which permits the buyer to retain the property and bring suit for the recovery of the damages which he has sustained, there is a third course open to a defrauded vendee. He may set up the seller's fraud as a partial defense or counterclaim without any offer of restitution, and recoup his damages in the action brought by the guilty party to the contract. (*Field* v. *Austin*, 131 Cal. 379, 382 [63 Pac. 692]; *Hunter* v. *McKenzie*, 197 Cal. 176, 184 [239 Pac. 1090]; *Palladine* v. *Imperial Valley etc. Assn.*, 65 Cal. App. 727, 749 [225 Pac. 291].) This remedy has been styled "defensive relief," whereby the fraud is set up by way of defense to defeat an action brought to enforce an apparent obligation or liability. (*Toby* v. *Oregon Pacific R. R.*, 98 Cal. 490, 499 [33 Pac. 550].) The fraud, given in evidence as a defense, "will be an answer to the whole demand, or in abatement

of the damages, according to the circumstances of the case. This is the true as well as a salutary rule, and well calculated to do final and complete justice between the parties, most expeditiously and least expensively." (*Field* v. *Austin, supra,* p. 382.) It may also be taken to be well settled in this jurisdiction that in such cases the defrauded party may withhold payments under the contract, to recoup the damages which may be recovered. (*Pembrook* v. *Houston,* 41 Cal. App. 54 [181 Pac. 828]; *Palladine* v. *Imperial Valley etc. Assn., supra.*) But in any event the party guilty of the deceit is entitled to have the damages mitigated to the extent of the nonperformance of the other party to the contract.

[3] We therefore see no good reason why a party affirming a contract for the purchase of real property, and seeking damages for a collateral fraud, must allege willingness and ability to perform the terms of the contract in order to maintain his action, or defensive relief. The language of the court in *Hines* v. *Brode, supra,* on which respondent relies, was used in a case in which the plaintiff, claiming to be defrauded, had paid only a trifling part of the purchase price and expressly averred that he was only willing to complete it up to the time of the discovery of the fraud. The court held that he neither pleaded in rescission nor for damages after affirmance, and in reversing the case said that leave should be given to him to amend his complaint so as to state in understandable terms the position upon this all-important question which he elected to take, which, the court said, would be only one of two—damages after rescission or damages after affirmance, "with alleged and proved willingness and ability to perform the terms of the contract." The authorities cited in the opinion do not support the quoted expression. In the light of a clear understanding of the real question there involved, and of the theory on which actions for deceit are based, the quoted language does not lay down a correct legal proposition. Correctly understood, the court, in *Hickman* v. *Johnson,* 36 Cal. App. 342 [178 Pac. 145], also relied on by the respondent, merely applies the rule announced in *Hines* v. *Brode, supra,* that the pleader in such case must elect and stand squarely either upon rescission, or upon

affirmance, and not, as in that case, show an unwillingness to perform. Whatever may appear to be the effect of the language (quoted *supra*), its application as contended for by respondent cannot be approved. In denying a petition for hearing in this court after decision by the district court of appeal in *Hullinger* v. *Big Sespe Oil Co.*, 50 Cal. App. 6 [194 Pac. 742], this court said (p. 10): "We do not approve those portions of the opinion [of the district court of appeal] which declare it is essential for a plaintiff in an action for damages on the contract, whereby the contract is affirmed, to allege or prove his willingness and ability to perform the contract according to its terms. The law as to the *amount* that may be recovered in such an action, and what must be set off against any damage proved is sufficiently declared in *Hines* v. *Brode.*" (See, also, *Pembrook* v. *Houston, supra; Foster* v. *Gorham,* 63 Cal. App. 601, 604 [219 Pac. 476]; *Webb* v. *Emerson etc. Co.* (Tex. Civ. App.), 227 S. W. 499.)

The objection to the introduction of any evidence in the trial court on the question of appellant's damages rested solely on the lack of an allegation that the appellant had complied, or was ready and willing to comply, with the terms of the contract. No exception was taken at any time, in so far as we are informed by the transcript, to any other alleged insufficiency of the pleadings. They appear to have been deemed by the parties as otherwise sufficient to raise the issue here considered, and the objection to the introduction of appellant's evidence should have been overruled.

The judgment is reversed.

Shenk, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.