[Civ. No. 5783. Second Appellate District, Division One.—November 15, 1929.]

NELLIE HOPPLE MITCHELL, Respondent, v. LEROY R. TUTTLE et al., Appellants.

O. C. Sattinger for Appellants.

John J. Monahan for Respondent.

HOUSER, J.—For the sum of $780 in cash and a promissory note executed by plaintiff in favor of the defendants,

plaintiff purchased from the defendants a leasehold interest in a furnished bungalow court. Shortly thereafter plaintiff brought an action against the defendants for damages based upon alleged false and fraudulent representations made by the defendants to plaintiff in inducing her to purchase said leasehold interest. From a judgment rendered in favor of plaintiff for the sum of $881 *and the cancellation of said promissory note,* the defendants have appealed.

At the outset, appellants urge that in no event can the judgment stand as against defendant Belle M. Tuttle, who was the wife of her co-defendant. In that connection the evidence shows that, although Belle M. Tuttle was one of the owners of the leasehold interest which forms the subject matter of the action, at no time did she personally make or cause to be made either or any of the alleged fraudulent misrepresentations upon which plaintiff relied, to her injury. The only action taken in the premises by said defendant was that after the sale of the leasehold interest had been consummated, said defendant joined with her co-defendant in executing a transfer or assignment thereof to plaintiff; also that said defendant verified the joint answer of the defendants to the complaint. The evidence fails in showing knowledge at any time in said defendant of any of the alleged fraudulent statements made by her co-defendant to plaintiff; nor, other than the fact that the promissory note given as part of the consideration for the assignment of the leasehold interest was executed in favor of the two defendants, does the evidence show any present or possible future participation by said defendant in any of the benefits resulting or to result from the sale of said leasehold interest. Other than some authorities which relate to the rule applicable to the ratification of contracts (as distinguished from torts), none is cited by respondent which would tend to uphold the judgment herein as against said defendant Belle M. Tuttle. To the contrary, the authorities in general are to the effect that in circumstances such as are herein disclosed no civil liability is incurred by one standing in the relation to the facts as does the defendant Belle M. Tuttle in the instant case. (12 Cal. Jur. 774, 775, and cases there cited.)

It is next urged by appellants that each of the false and fraudulent representations alleged by plaintiff to have been made by the defendants was but an expression of opinion and

consequently could not form the basis for an action for damages. ■ The law is well settled that in an action for deceit, in establishing his case, notwithstanding multitudinous allegations contained within the complaint, the plaintiff is required to prove but a single, material, false representation made by the defendant to the plaintiff with the intent and purpose to deceive him, and which in fact did deceive the plaintiff and was relied and acted upon by him to his injury. (12 Cal. Jur. 834; *Thomas* v. *Hacker,* 179 Cal. 731, 733 [178 Pac. 855] ; *Davis* v. *Butler,* 154 Cal. 623, 626 [98 Pac. 1047].) The evidence herein satisfactorily establishes the fact, as against defendant Leroy R. Tuttle, as found by the trial court, that ''the said defendants and each of them then and there represented to this plaintiff that the income from said leased property was six hundred twenty dollars ($620) per month; that such income would be permanent and that the tenants then and there occupying such leased premises were permanent tenants and would remain therein as tenants during the remainder of the term of said lease.'' That part of such finding of fact which relates to the permanency of the tenants constitutes the subject of appellants' attack. ■ It is conceded by appellants that, within the knowledge of defendant Leroy R. Tuttle, at the time of the execution of the assignment to plaintiff of the lease in question, all the tenants in the leased bungalow court were ''navy folk,'' attached to a fleet at near-by anchorage, and that on the departure of the fleet (which might take place at any time) such tenants would vacate the leased premises. In such circumstances, the statement made by the defendants ''that the tenants then and there occupying such leased premises were permanent tenants and would remain therein as tenants during the remainder of the term of said lease,'' became a material statement of a matter of fact. (12 Cal. Jur. 725 et seq.) ' Deceit may consist of ''the assertion, as a fact, of that which is not true, by one who does not believe it to be true.'' (Sec. 1710, Civ. Code.)

■ In view of the admitted familiarity of defendant Leroy R. Tuttle with the facts regarding the possibility of an early vacation by the then tenants of the leased premises, the fact that, according to his testimony, the tenancy of rooms or apartments by ''navy folk'' varied from ''four months onward,'' and that he ''always considered them on

a par with civilians," cannot be accepted as an excuse that at the time he made the statement regarding the "permanency" of the tenants occupying the leased premises he did not know it to be false. The evidence showed that he was fully acquainted with the possibilities likely to arise from the situation and he was not warranted in making a positive assertion of something which only might be true,—dependent wholly upon contingencies over which he had no control. ■ The further contention by appellants that plaintiff did not rely upon the false representations made to her by Leroy R. Tuttle is completely answered by the following excerpt from the testimony given by plaintiff on the trial of the action:

"Q. Did you rely upon your own judgment or did you rely upon the representations made? A. I relied upon the representations made by Mr. Tuttle and his agent, Mr. Winters."

Appellants also contend that no proof of damages suffered by plaintiff was received on the trial of the action, nor any evidence introduced in support of the judgment. ■ As to the latter contention (exclusive of the proof of damages), without here attempting to recite the evidence adduced on the trial, it may suffice to state that, in the opinion of this court, it was sufficient to justify the findings made by the trial court, and that, predicated upon such findings, the general effect of the judgment is in accordance with the law relating thereto. ■ As to the first point, appellants' complaint appears to be that, in actions of the character of that here involved, a judgment for damages must be founded upon evidence of the difference between the value of what plaintiff received in the transaction and what value she would have received had the representations made by the defendants to the plaintiff been true; and that on the trial of the action no evidence was received relating to either of such values. In support of such suggestion as to the law on the question of damages, appellants cite the following authorities: *Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729]; *George Cople Co.* v. *Hindes,* 34 Cal. App. 576 [170 Pac. 155]; *Hyman* v. *Harbor View L. Co.,* 46 Cal. App. 98 [188 Pac. 828]; *Foster* v. *Gorham,* 63 Cal. App. 601 [219 Pac. 476].

In considering the question thus presented it should be borne in mind that no attempt, either in law or in fact, was made by plaintiff to rescind the contract. To the contrary, so far as may be, ascertained from the allegations contained in the amended complaint, the theory of the pleader was, not that the contract should be rescinded, but that for the alleged deceit of defendants, plaintiff should be entitled to recover damages. An examination of the record herein discloses the fact that judgment was rendered in favor of plaintiff for the sum of $881, besides directing the cancellation of the promissory note hereinbefore referred to. Although the evidence established that as consideration for the, assignment of the leasehold interest in question plaintiff gave the defendant Leroy R. Tuttle the sum of $780 in cash, together with said promissory note for $220, and that said sum of $780 represented and in fact was a payment by said defendant to the owner or lessor of the premises of the last two months' rental provided by the lease which was transferred,—no other evidence was introduced to show either the value of the leasehold interest at the time it was assigned to plaintiff or what its value would have been had the representations made by defendant Leroy R. Tuttle to plaintiff been true.

In the case of *Hullinger* v. *Big Sespe Oil Co.,* 50 Cal. App. 6 [194 Pac. 742], as in the instant case, plaintiff sought to recover damages for deceit. There, as here, in the introduction of evidence the plaintiff failed to follow the rule indicated in the case of *Hines* v. *Brode*, 168 Cal. 507 [143 Pac. 729, 730], wherein it is said: "That rule declares that the measure of damages which a person is ordinarily entitled to recover in an action for deceit in the sale of property is the difference between the actual value of the property and its value had the property been as represented, and that the measure of recovery is not affected by the price paid. The price paid may be considered only as evidence of value. . . . This is not only the rule in California, but it is declared to be the rule under the great weight of authority. . . . "

In the case of *Hullinger* v. *Big Sespe Oil Co.,* 50 Cal. App. 6 [194 Pac. 742, 743], a judgment in favor of the respondent was reversed. In part, it is there said: " . . . From the findings in this case, we are unable to determine if the

court, in rendering its judgment, took into consideration the fact that under the contract there was due from plaintiff the sum of thirteen thousand dollars in unpaid installments. It is somewhat significant that the amount allowed as damages for failure to deliver a fee-simple title is the equivalent of the amount paid by plaintiff at the time of the execution of the lease contract, with interest thereon; and it may well be inferred that it was the intention of the court to compel the defendant to *restore the amount it had received on the purchase price of the lease, without any rescission* by the plaintiff on discovery of the fraud. This inference is fortified by the circumstance that there is no testimony in the record before us upon which to base a finding that the sum so assessed was the actual damage sustained, except so far as the amount agreed to be paid might be considered as evidence of the value of the property had it been as represented.''

The Supreme Court denied a petition for hearing before that tribunal and, regarding the damages recoverable in such an action, said: '' . . . The law as to the *amount* that may be recovered in such an action and what must be set off against any damage proved is sufficiently declared in *Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729].''

In the instant case it may be conjectured that the ''damages,'' properly recoverable by plaintiff, which the judge of the trial court thought plaintiff was entitled to recover was the $780 cash paid by plaintiff to defendant Leroy R. Tuttle, plus the sum of $101 for some unascertainable reason and, in addition thereto, have canceled the promissory note given by plaintiff to defendants. Although in natural justice it may be that the actual legal damage suffered by plaintiff was the equivalent of the exact relief attempted to be administered by the judgment which was rendered, the law has provided a method of ascertaining damages in such cases differing from that adopted by the trial court.

At the same time that the answer to the complaint in the action was filed defendants interposed a cross-demand for judgment against plaintiff on the promissory note executed by her in favor of defendants. With reference thereto, it was adjudged by the trial court that said promissory note ''was and is without consideration and void, and that the same shall be forthwith cancelled and delivered to

the plaintiff herein, . . . '' Although considering that the effect of the action for deceit was to ratify the contract of purchase and consequently that, inasmuch as the promissory note was a part of the purchase price for the leasehold interest which was assigned by defendants to plaintiff, it may be said that a *quasi* consideration for the execution of the promissory note was present,—from the entire findings made by the trial court it is clear that the intention in the premises was to declare void the entire transaction solely because of the fraudulent misrepresentations made by defendant Leroy R. Tuttle to plaintiff, to which reference has heretofore been had herein. On a retrial of the issue of damages, the status and effect of the promissory note should be taken into consideration by the trial court in arriving at the amount, if any, which plaintiff is entitled to recover as against defendant Leroy R. Tuttle; or, if the court should determine that plaintiff is entitled to recover no damages, the item represented by the promissory note may then be justly adjusted between the plaintiff and said defendants,—otherwise, if the promissory note executed by plaintiff in favor of the two defendants were to be considered as a binding obligation on the part of plaintiff and in favor of the two defendants, then the defendant Belle M. Tuttle, although not bound by the fraudulent misrepresentations made by defendant Leroy R. Tuttle to plaintiff, and not liable to respond in damages therefor, would be permitted to reap a part of the benefits of the fraudulent transaction. This she should not be allowed to do.

It is ordered that as to defendant Belle M. Tuttle the judgment awarding damages against her be and it is reversed; and that as to defendant Leroy R. Tuttle the judgment awarding damages be and it is reversed and the cause remanded for a new trial as against him for the sole purpose of determining the amount (if any) of the damages to be awarded against him. The judgment, in so far as it cancels said note, is affirmed.

Conrey, P. J., and York, J., concurred.