[Civ. No. 7476. Second Appellate District, Division One.—October 19, 1932.]

EMILY N. PAXSON, Respondent, v. MARGULIS-STULMAN COMPANY (a Corporation), Appellant.

Wheeler & Wackerbarth, Henry O. Wackerbarth and Henry E. Carter, for Appellant.

Roland W. Schoettler and E. Foster Brigham for Respondent.

HOUSER, J.—From the record herein it appears that the defendant Margulis-Stulman Company, a corporation (hereinafter referred to as the defendant), was the owner of a certain lot which was valued by it at the sum of $7,950, and that plaintiff was the owner of two other lots on which she placed a value of $2,000. At the instance of the defendant, a written agreement was entered into between the parties by which, at the price of $7,950, the defendant agreed to sell to plaintiff, and plaintiff agreed to buy from the defendant, the lot owned by the defendant, and that in partial payment of said purchase price plaintiff would convey to the defendant, at an agreed valuation of $2,000, the said two lots owned by plaintiff. The agreement also provided for the payment in installments of the remainder of the purchase price of the lot owned by the defendant. Immediately preceding the date of the execution of such agreement, and as an inducing cause therefor, the defendant orally promised plaintiff that within six months thereafter next to ensue it would sell the lot which was the subject of the agreement at a profit of $500 to plaintiff, and that plaintiff would not be called upon to pay any of the installments as provided by said agreement. The contract of sale was duly recorded in the recorder's office of the county in which said property

was located. At the expiration of said six months, the lot not having been resold, plaintiff demanded of the defendant that it immediately make such sale and otherwise comply with the terms of the oral understanding between the parties. Thereupon the defendant requested an additional short period of time therein, and assured plaintiff that if she would accede to such request and make payment of the installments then due on the agreement, the defendant soon would make such sale. Relying upon such promise by the defendant, plaintiff paid an additional amount of $531.79 upon the purchase price of the lot. The defendant having failed to carry out its said oral agreement, plaintiff commenced an action against the defendant for "money received"; basing her right to the recovery of a judgment on the ground stated in her complaint "that all the promises and representations made by the defendants aforesaid were false and fraudulent at the time they were made and defendants knew that they were false and fraudulent but made them to deceive plaintiff, and she was deceived thereby, and they never intended to fulfill any of their said agreements, and they never have sold said property, although they have been requested so to do, . . . " The amount for which the action was brought was the sum of $2,531.79, which was claimed to have been paid in cash on the purchase price of the lot agreed to be sold. From a judgment rendered against the defendant for the full amount sought by plaintiff, it appeals to this court.

Without reference to qualifications thereof, in this state the general rule is established by statute and by numerous authorities that where one has been induced by fraud practiced upon him to enter into any agreement, he has a right to enforce either of two affirmative remedies: Upon discovery of such fraud, he may rescind the contract by restoring, or offering to restore, to the other party everything of value which he has received from him under the contract, "upon condition that such party shall do likewise". (Sec. 1691, Civ. Code.) The alternative of the defrauded party in effect is that he affirm the contract, perform the conditions imposed upon him thereby, and thereupon become entitled to recover such damages from the other party as may have been suffered by reason of the fraud. (12 Cal. Jur. 781, and authorities there cited.)

As is stated by respondent in her brief filed herein:

"In the instant case, plaintiff elected to disaffirm the contract, and treat the same as rescinded, and sue to recover her money on the theory that no contract existed because of fraud, rather than affirm the fraudulent agreement and sue for damages for a breach thereof. . . . "

And again the statement occurs in respondent's brief:

"This action was based solely upon fraud and deceit which was specifically pleaded. Upon discovery of the fraud the plaintiff elected to void the contract, and treat the same as rescinded, and recover the money paid thereunder, . . . "

In the case of *McGibbon* v. *Schmidt,* 172 Cal. 70 [155 Pac. 460, 463], in discussing the effect of a former action between the same parties which related to an attempted recovery by an alleged defrauded vendee of real property of certain installments paid on the purchase price thereof, it is said:

"The action to recover the purchase money was not based on fraud. It was in the form of an action for money had and received. It could not have been successfully maintained except by proof that the contract had been rescinded, or that defendant had been guilty of a breach thereof."

See, also, *Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729]; *Paolini* v. *Sulprizio,* 201 Cal. 683 [258 Pac. 380]; *Orton* v. *Privett,* 202 Cal. 754 [262 Pac. 713]; 17 Cal. Jur. 614.

Although plaintiff elected to stand on her remedy incident to rescission, and although as a result of the transaction had between the parties she was the recipient of a supposedly valuable contract of sale of the lot owned by the defendant, which contract had been recorded and which probably formed a "cloud" on the title of the said lot— neither among the allegations of her complaint in the action nor contained within either the evidence offered or received on the trial thereof, does it appear that plaintiff ever completed a rescission of the contract by either a restoration of, or an offer to restore to the defendant, "everything of value" received by plaintiff "under the contract". It follows that plaintiff failed, both in her attempt to state a cause of action in her complaint, as well as in necessary proof of essential facts, and consequently that there can be no recovery upon the action as prosecuted.

It becomes unnecessary to notice other specifications of alleged error.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.