[Civ. No. 11228.   Third Dist.   July 14, 1966.]

AMOS V. BOWMER et al., Plaintiffs and Appellants, v. H. C. LOUIS, INC., et al., Defendants and Respondents.

Corkin & Corkin and Thomas J. Corkin for Plaintiffs and Appellants.

Leonard & Lyde and Raymond A. Leonard for Defendants and Respondents.

PERLUSS, J. pro tem.*—This is an appeal by plaintiffs Amos V. Bowmer and his wife, Leah, who recovered a judgment in the trial court based on quantum meruit in the amount of $8,522.57 against defendant H. C. Louis, Inc. The Bowmers have appealed from the remainder of the judgment which rejected their claim of entitlement to a $30,000 interest in a trailer court. The trial court held that fraudulent misrepresentations on the part of Mr. Bowmer constituted a defense to his claim. The issues presented, accordingly, are whether fraud is an appropriate defense to an action based on contract and, if it is, whether the findings of fraud by the trial court are supported by the evidence.

In 1960 Mr. Bowmer first contacted Stephen Engle, President of H. C. Louis, Inc., for the purpose of securing a ground lease of property owned by the corporation. Mr. Bowmer informed Mr. Engle at that time that he was a builder of trailer parks and a manager; that the property involved "was uniquely situated for the development of a good trailer park;" untruthfully, that he was a general contractor and that he could build a trailer park for 50 cents on the dollar of what the normal cost would be.

It appears that Mr. Bowmer could not finance the proposed project alone and, after discussions were had concerning a partnership arrangement, a partnership agreement was signed. Because of Mr. Bowmer's inability to finance even his partnership share on April 3, 1961, a second agreement was entered into under which Mr. Bowmer was hired as manager of the trailer park for a period of five years. He was required also under the contract to supervise the construction of the facility. His compensation for services rendered was to be $600 a month plus a subsistence allowance of $125 a month, together with 20 percent of the gross monthly receipts. It was also agreed that after completion of the trailer park Mr. Bowmer would receive an interest of $30,000 in the property. Funds were then borrowed and construction commenced and the park was opened in October 1961, about six months after construction commenced. On January 22, 1962, defendant gave Mr. Bowmer 60 days' notice of termination of the employment agreement.

On February 9, 1962, the parties entered into a third and substitute contract. It was denominated "Agreement to Terminate Employment Contract and Purchase Agreement." Under this agreement, the corporation contracted to purchase

---

*Assigned by the Chairman of the Judicial Council.

Bowmer's capital interest in the property and to pay him $1,450 plus 40 percent of the gross receipts for January. Mr. Bowmer agreed to deposit a quitclaim deed to any interest in the property and vacate the premises.

Mr. Bowmer was never paid, however, and he and his wife brought this action seeking a $30,000 interest in the property, $2,685.40 as the alleged amount due under the employment contract for managing the property for the months of January and February 1962, and the reasonable value of services rendered. The lower court held that the Bowmers had no interest in the property, but they were allowed the sum of $12,237.73 less an offset of amounts previously paid to them of $3,715.16 as the reasonable value of services rendered.

■ It is well established that a defrauded defendant may set up the fraud as a defense and, in fact, may even recoup his damages by counterclaim in an action brought by the guilty party to the contract. (*Paolini* v. *Sulprizio* (1927) 201 Cal. 683, 686-687 [258 P. 380]; *McCauley* v. *Dennis* (1963) 220 Cal.App.2d 627, 632 [34 Cal.Rptr. 90].) ■ The right to avoid for fraud, however, is lost if the injured party, after acquiring knowledge of the fraud, manifests an intention to affirm the contract. (See 2 Rest., Contracts, § 484; *Engle* v. *Farrell* (1946) 75 Cal.App.2d 612, 618-619 [171 P.2d 588].) It is essential to ascertain whether the person defrauded did or did not have full knowledge of the material facts when he entered into the substitute contract. (See *Chung* v. *Johnston* (1954) 128 Cal.App.2d 157, 164 [274 P.2d 922].)

■ The findings of the lower court, which are supported by the evidence, establish that there were fraudulent misrepresentations relating to significant matters, knowledge of which was acquired by defendant only *after* February 9, 1962, the date of the third and final agreement. Thus, based on sufficient evidence, it was found *inter alia* that subsequent to the execution of all the agreements defendant learned that Mr. Bowmer while employed by the defendant was active in attempting to obtain a use permit for another trailer park which would have been in direct competition to defendant's park; that streets and traffic control bumps in the trailer park were inadequately designed and poorly constructed causing them to deteriorate; that the aeration plant was improperly designed, and that portions of the electrical system were improperly designed and installed. These deficiencies obviously are of a serious nature and, as has been noted, defendant learned of them after the execution of the "Agreement to Terminate Employment Contract and Purchase Agreement."

The judgment of the lower court is clearly proper. It is affirmed.

Pierce, P. J., and Friedman, J., concurred.

A petition for a rehearing was denied August 10, 1966.